IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **Candus Thomson**<br>9207 Wendell Street<br>Silver Spring, MD 20901 | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: _____ |
| **Mark Belton, Secretary of the Maryland Department of Natural Resources**<br>**(individually, and in his official capacity)**<br>580 Taylor Avenue, Suite C-4<br>Annapolis, MD 21401 | * | |
| | * | |
| | * | |
| | * | |
| **Defendant.** | | |
| * * * * * * * * * * * * | | |

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY AND PERMANENT INJUCTIVE RELIEF**

This First Amendment case arises out of the removal of duties, a demotion, from Candus Thomson, an employee of the Maryland Department of Natural Resources ("DNR"). She was demoted and stripped of her media-related duties solely because she exercised her First Amendment rights on the personal Facebook page of a news-reporter friend in response to his posting about gubernatorial candidate Ben Jealous. Her posting occurred prior to working hours, from her living room, and was made from her personal iPad. It was critical, in one word, of the demand by the democratic candidate for Maryland governor, Ben Jealous, that a reporter be removed from his debate with Governor Larry Hogan.

## INTRODUCTION

1. This action seeks to vindicate rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and is brought under 42 U.S.C. § 1983. This Court has jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

2. Venue is proper in the Northern Division, District of Maryland pursuant to 28 U.S.C. § 1391(a) because the defendant is subject to personal jurisdiction within the Northern Division, District of Maryland and the events that give rise to this action occurred within the Northern Division, District of Maryland.

## PARTIES

3. Plaintiff Candus Thomson is a public information officer, employed by the DNR. She has worked in this capacity for approximately five years, and had spent over forty (40) years as a newspaper reporter, twenty-five (25) of those years with The Baltimore Sun. She has received high annual reviews during her employment by the DNR, as evidenced by Exhibit A.

4. Defendant Mark Belton is the Secretary of the Department of Natural Resources, an agency of the State of Maryland.

5. DNR maintains its office in Annapolis, Maryland, as does Defendant Belton.

## FACTS

6. Candus Thomson is a public information officer with the DNR; she deals directly with the media on issues of public interest, such as accidents and arrests.

7. Candus Thomson is not a political appointee, having been in her role with the DNR before the 2014 gubernatorial election.

8. Candus Thomson's is in a non-policymaking and nonconfidential position with the DNR.

## The Post

9. Gubernatorial candidate Ben Jealous was preparing to debate Governor Larry Hogan in September 2018; Mr. Jealous inexplicably announced that Tamela Baker, a reporter employed by the Hagerstown Herald-Mail would not be permitted to attend the debate, exercising a negotiated veto.

10. According to the Washington Post, The Baltimore Sun "expressed its disgust with this action," stating it was not in the public interest for candidates to determine who will ask questions in a political debate.

11. One of Ms. Thomson's reporter friends commented on his Facebook page on Mr. Jealous' announcement of veto and exclusion. On September 17, 2018, Ms. Thomson responded to his post with the sole word, "assclown," intending by her to describe her belief that the exclusion of Ms. Baker from the debate by Mr. Jealous was inappropriate and wrong.

12. The comment was written by Ms. Thomson at approximately 5:00 a.m., from her living room, before she left her house for work, on her personal iPad, and it was posted on her friend's personal Facebook page.

13. In commenting on Mr. Jealous' actions in excluding Ms. Baker, Ms. Thomson, a former reporter, was commenting in her capacity as a citizen and not an employee of the DNR or the State of Maryland, on a matter of public concern, the desire of a gubernatorial candidate to exclude a reporter from a public debate that could help decide who would serve as the next Maryland governor.

14. Ms. Thomson's comment was posted to Facebook without the use of any State of Maryland assets or accounts; she used her personal email account and did not identify herself in any way with her state employment or otherwise with the State of Maryland.

### The State's Reaction to the Post

15. On September 18, 2018, the day after Ms. Thomson posted her personal comment, DNR Police Colonel Robert Ziegler telephoned Ms. Thomson and asked if she had posted the word "assclown" on social media; Ms. Thomson told Col. Ziegler she had.

16. Col. Ziegler told Ms. Thomson that the "State House" had received a complaint, and that the complaint had been forwarded to DNR Secretary Belton; Col. Ziegler told Ms. Thomson he would relay their conversation to Secretary Belton.

17. Surprised by this call, Ms. Thomson offered to remove her post regarding Candidate Jealous, and did so that morning.

18. Also on September 18, the friend on whose Facebook page Ms. Thomson commented, Bryan Sears, a reporter, informed Ms. Thomson that he had received a phone call an individual asking whether Sears intended to write an article about someone in the Hogan administration calling [Mr.] Jealous an "assclown." Mr. Sears did not return the call or write the article.

19. On September 20, DNR Police Commanders Captain Brian Rathgeb and Lieutenant Catherine Medellin were instructed by the Director of the Office of Communications to immediately take over from Thomson all media duties, including social media, although at that time, this directive removing her from her responsibilities had not been communicated to Ms. Thomson.

20. On September 21, while attending a graduation ceremony for Lt. Medellin, Ms. Thomson was told she had been stripped of her media relations duties. This action was confirmed when she received copies of emails sent by the Director of the Office of Communications to Capt. Rathgeb and Lt. Medellin.

21. Ms. Thomson asked Col. Ziegler about these circumstances; he referred her to, in his words, "the Fourth Floor," meaning the headquarters of the DNR, Secretary of the DNR and its Deputy Secretary, as well as human resources.

22. On Friday, September 21, late in the afternoon, the Deputy Director of the Office of Communications confirmed to Ms. Thomson that he had been told, via a directive, that Capt. Rathgeb and Lt. Medellin will henceforth be media points of contact and that Ms. Thomson will not be.

23. Plaintiff's reassignment strips her of the bulk of her responsibilities, removes her from the daily flow of activity and reduces her role to clerical duties. Her MS-22 forms from before and after her demotion are attached hereto as Exhibits B and C, respectively.

24. On Monday, September 24, very early in the morning, Ms. Thomson sent an email to DNR's Department of Human Resources, and others at the DNR, asking about her status. The Deputy Director of the Office of Communications responded that two other people and not Ms. Thomson will henceforth handle Ms. Thomson's social media and traditional media relations.

25. Ms. Thomson was told by Col. Ziegler that if she wanted further clarification of her demotion and her new duties, she should write to Deputy Secretary, Joanne Throwe. Ms. Thomson did so, asking why her responsibilities had been removed; the written response was "management's prerogative," attached as Exhibit D.

26. Ms. Thomson's comment on Facebook regarding Mr. Jealous' veto of Ms. Baker from the gubernatorial debate was a substantial factor, if not the sole factor, in the Secretary's decision to remove Ms. Thomson's duties.

27. On September 27, counsel for Ms. Thomson delivered to Defendant, Belton and others, the letter attached as Exhibit E, asking for reinstatement of her duties.

28. On October 3, counsel spoke with counsel for the DNR and explained there existed an urgency to resolve this as Ms. Thomson continues to suffer irreparable injury and that she intends to retire from the DNR in early November 2018. Following this call, counsel sent to the DNR's counsel the letter attached as Exhibit F.

29. Ms. Thomson's duties have not been restored.

30. On September 21, Plaintiff learned her name and position had been removed from the DNR's website list of media contacts.

## COUNT I

**The Secretary's Punishment of Plaintiff Violates the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983.**

31. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth herein.

32. The Secretary's removal of Ms. Thomson's duties for out-of-work speech violates the First Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

## COUNT II

### Declaratory Judgment and Injunction (28 U.S.C. § 2201, et seq.)

33. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth herein.

34. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning Plaintiff's rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time as to Count I.

35. Plaintiff seeks a judicial determination of her rights against Defendant as they pertain to Plaintiff's right to speak on topics of public concern without being subjected to retaliation or adverse action by her employer.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court provide the following relief:

a. Declare that the Secretary's disciplinary action against Ms. Thomson for her out-of-work speech violated her rights under the First and Fourteenth Amendments to the U.S. Constitution;

b. Enjoin the Secretary and anyone acting through him from any continuing punishment or sanction against Ms. Thomson on account of her constitutionally protected speech, including reinstatement of her duties as they existed on September 17, 2018 and expungement from her human resources records all references to the incident in question;

c.  Award Plaintiff costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.  Grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

October 9, 2018

*s/ James B. Astrachan*
James B. Astrachan, Bar No. 03566
H. Mark Stichel, Bar No. 02939
ASTRACHAN GUNST THOMAS, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone: 410.783.3550
Facsimile: 410.783.3530
jastrachan@agtlawyers.com
hmstichel@agtlawyers.com

*Counsel for Plaintiff*

## VERIFICATION

I, Candus Thomson, hereby affirm under the penalties of perjury:

1. I am over the age of 18 and competent to testify.
2. I have read the factual allegations in the foregoing Verified Complaint.
3. The factual allegations are, to the best of my knowledge and belief, true and correct.

Dated: 9 October 2018

_____
(Candus Thomson)